The plaintiff, Joseph Gondolfo, brought this suit in the First City Court of New Orleans against the defendants, John O'Berry and Cooperative Cab Company, Inc., to recover for the damage sustained by his taxicab as a result of being struck on Magazine street in the city of New Orleans by another taxicab driven by O'Berry.
Plaintiff alleges that on April 2, 1942, while he was driving his cab up Magazine street, another cab owned by defendant Cooperative Cab Company, Inc., and driven by O'Berry, which was proceeding in the same direction, overtook him; that the defendants' cab, while in the act of passing his cab on its right side, swerved sharply to the left and that, as a result, the left rear bumper of defendants' cab struck the right front bumper of his cab causing the latter to be shunted over to the left side of the street where it ran into another car which was parked near the curbing. It is alleged that the accident occurred as a consequence of the negligence of O'Berry in that he was speeding and failed to keep a proper lookout and that the defendant, Cooperative Cab Company, Inc., is liable in solido with O'Berry for the damage caused to plaintiff's cab because O'Berry was its employee and was acting within the scope of his employment at the time of the accident.
The defendants filed a joint answer in the case in which they denied all of the material allegations of plaintiff's petition. In the alternative, they set forth that the accident was in no wise due to the fault of O'Berry, who, it is alleged, was compelled to swerve to the left at the corner of Magazine and Girod streets to avoid collision with another taxicab which was skidding and out of control.
On the issues thus joined, a trial was had in the lower court but only with respect to the liability of the defendant Cooperative Cab Company, Inc., because of the fact that O'Berry had been inducted into the armed forces. After the hearing, the judge rendered a decree in plaintiff's favor for damages in the sum of $224.19. Cooperative Cab Company, Inc., has appealed from the decision.
The main contention of the cab company is that plaintiff's demand against it should be rejected because no evidence has been submitted to show either that it is the owner of the taxicab driven by O'Berry or that the latter was its employee.
The point is well taken. The cab company is not responsible for the negligent acts of O'Berry except under the doctrine of respondeat superior. In its petition, plaintiff alleged that Cooperative Cab Company, Inc., was the owner of the cab and that O'Berry, the driver, was its *Page 637 
employee. These averments were denied by the cab company in its answer. Hence, it was incumbent upon plaintiff to prove these allegations in order to render the cab company liable. In this, he has utterly failed. As a matter of fact, the only evidence in the record with respect to the ownership of the taxicab driven by O'Berry is that it belongs to a concern known as "Crescent City Cab Company".
However, we do not think plaintiff's suit should be dismissed absolutely, as it may be possible for plaintiff to prove in a subsequent proceeding that O'Berry was employed by the Cooperative Cab Company and that the latter is really the owner of the vehicle. For this reason, his suit will be dismissed as of non-suit.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that plaintiff's suit as to Cooperative Cab Company, Inc., be dismissed at his cost as of non-suit.
Reversed.