McINNIS, Judge ad hoc.
Plaintiff, as subrogee of its insured under a policy of insurance against theft, issued to Mrs. Polka M. Bridges, sues to recover $551.08 damage to a 1949 Packard automobile owned by the insured and alleged to have been stolen from a parking lot located 14 miles east of Shreveport, Louisiana, a short distance south of U. S. Highway 80, at a place of amusement known as “The Top-O-The-Hill Playland”, where defendant operated a swimming pool, a dance pavilion, cafe, bar and other concessions for the entertainment of patrons. The automobile was recovered on Cross Lake in a damaged condition, and the amount for which sued is the damage to the automobile before it was recovered.
Plaintiff alleged that on the night of August'5, 1948, at about 9:00 o’clock, the automobile belonging to Mrs. Bridges was being driven by her son, R. M. Bridges, with her full knowledge and consent, and that with a party of other people (A. D. Youngblood, Miss Betty Bryant and Miss Caroline Tabbs), drove to the Top-O-The-Hill Playland, owned by defendant; that a fee was charged persons wishing to use the facilities; that a bar or fountain was operated at which both soft drinks and intoxicating beverages were sold at a profit to defendant; and that in connection with the described activities defendant operated a parking lot for the cars of patrons, solely for his advantage in expediting his business, and that the parking lot was attended by several colored employees; that upon arriving at the premises owned by defend *883 ant, the driver of the automobile owned by Mrs. Bridges was hailed by one of the Negro attendants with a flashlight, -the occupants were told to alight and the defendant through his servants, agents and employees, took full control of the automobile. The driver was ordered to leave the key in the switch, under full control of defendant by his agents, servants and employees, through the express or implied representation that the automobile would be safely cared for, and returned to the owner on presentation of the identification check given the driver by one of the attendants, the check receipt being numbered “8”.
It is averred that the occupants of the automobile, after its delivery to defendant through his agents, servants and employees, engaged in the activities furnished by defendant, and paid the prices therefor, all of which inured to the benefit of defendant; that after about an hour and a half the check was presented to the employees of defendant, who refused and neglected to deliver the automobile to him; that through the negligent acts of defendant’s employees a proper watch was not maintained on the automobile, and as a result it was taken from the parking lot by some person or persons unknown to plaintiff, and defendant failed and refused to return it.
The loss is itemized as follows:
Repair bill.$376.87
5 Tires. 97.45
Loss of use of car. 68.45
Telephone expense . 8.31
Total $551.08
It is further alleged that defendant, his agents, and employees are in complete possession of all knowledge of the conducting of the Playland, including the parking lot and the facts concerning the failure to deliver the automobile; that the doctrine of res ipsa loquitur applies and is especially pleaded, in addition to all other matters alleged.
An exception of no cause and no right of action was filed June 24, 1950, but does not appear to have been acted upon in the Lower Court. On October 3, 1950, defendant filed an answer denying generally all the substantial allegations of the petition;
After trial on the merits the Lower Court rendered judgment in favor of plaintiff for $542.08 on June 18, 1951. A motion for a new trial and for rehearing was filed June 20, 1951. The minutes of court do not show any action on this motion, but on the same day the decree was signed, so we presume the motion was overruled.
The proof of the events of the evening as alleged in plaintiff’s petition, is in line with the allegations. The question for resolution is whether or not, under this proof, the defendant is liable. Bridges testified that he had visited the place some ten times and that on each occasion some employee of defendant took the automobile and parked it, giving a check for it, and returning it when called for, and that he always gave the attendant a tip. His companion, Youngblood, had visited the place on other occasions, and the procedure was the same, — that is, an attendant parked the automobile, gave a check, returned it when called for, and was given a tip.
Defendant offered only two witnesses, Robert Richards, a sign painter, and himself. Richards testified that he painted some signs and placed them at the Playland in 1948. R. D. Anderson, who was manager of the place at the time the automobile was stolen, was not called as a witness but two pictures that Anderson made of signs were filed in evidence.
Defendant, over the objection of plaintiff’s counsel, testified that none of the employees were hired as parking lot attendants, and that their parking of cars for patrons was beyond the scope of their employment. However, he admitted on cross-examination that he had seen these employees park cars for patrons and that he did not reprimand them for doing this service. He denied that he furnished any check cards for use in identifying the automobiles.
The objection to the introduction of this class of testimony was based on the failure of defendant to plead these defenses specially, the answer having merely denied the *884 allegations of the petition, but the testimony was admitted over the objection. There is' no specific allegation that the employees were acting in the scope of their employment in taking charge of and parking automobiles for patrons. However, it appears that the allegations of the petition at least imply that these employees were so acting and this is the reason the evidence was admitted over the objection.
In our opinion it is not important whether the employees were hired' to perform this service for patrons, because the defendant admitted, as above stated, that these employees were parking the cars with his knowledge, and without any protest of any kind; and whether o'r not he furnished them with any check cards, or whether they, made them up themselves, is unimportant. It is clear that these cards or tags were given to patrons and especially to Bridges on the night the automobile was stolen, because the tag is in evidence annexed to his deposition.
Defendant contends that there was no bailment in this case, citing Articles 2930 and 2932 R.C.C. But, apparently the automobile was voluntarily delivered to the employee, apparently acting in the scope of his employment, who consented to and did receive it. We agree with the holding of the cases cited by defendant, including Gondolfo v. O’Berry et al., La.App., 12 So.2d 636, Caldwell et al. v. Unity Industrial Life Insurance Company, et al., La.App., 17 So.2d 757, Brand v. Vinet, La.App., 5 So. 2d 200, Dudley v. Surles et al., La.App., 11 So.2d 70 and Comfort v. Monteleone et al., La.App., 163 So. 670, holding-that it is incumbent on the plaintiff to prove that the employee was acting in the scope of his employment, before he can recover against the master. But, in this case, even though it is; denied by defendant that these employees had authority to perform these services for patrons, he admitted that he knew that they' did and we believe that the plaintiff has carried the burden of proof. It is true that there were some signs, one being. “Parking Lot”, with an arrow pointing to the direction of the parking lot, and two others on the same post. The first one read: “Park Here and Lock Your Car”, and the second said: “Not Responsible for Damage or Lost Articles”. Bridges testified that he did not see the signs, but even if he had, we think he was certainly justified-in believing that the attendant was acting in the scope of his employment when he approached the car and invited the occupants to alight, leaving the switch key in the car so that the attendant could take charge of it and park it. In view of the conclusion we have reached, a lengthy discussion of the informative brief filed on behalf of plaintiff would serve no useful purpose here.
We are of the opinion that the District Judge has correctly resolved all of the questions presented and accordingly, the judgment appealed from is affirmed at the cost of defendant, appellant, in both courts.
KENNON, J., not participating.