### No. 11,789.

### LEOPOLD FELLMAN vs. FELIX J. DREYFOUS.

|        |      |
|--------|------|
| 47     | 907  |
| 52     | 1374 |

The distinction does not exist in the jurisprudence of Louisiana between words which are actionable in themselves without proof of special damage and words actionable only with reference to some actual consequential damage.

Any words, written or spoken, which are calculated to injure another, may be the foundation of a suit for slander or libel.

Whenever words have the slanderous meaning alleged, not by their own intrinsic force, but by reason of some extraneous fact, this fact must be averred in traversable form.

Where a letter is written to a party containing the alleged slanderous words it is only on the trial on the merits that it can be shown whether or not the defendant's letter was in confidence, and communicated facts in good faith, which he believed were true in order to protect the party to whom they were communicated, and whether the privilege resulting from such communication was forfeited by the unnecessary publication of the communication to other parties not interested.

APPEAL from the Civil District Court for the Parish of Orleans.
  *Theard, J.*

*Omer Villeré* for Plaintiff, Appellant:

Any writing which bears on its face a charge, or tends to vilify another, or implies a want of honesty in another, is a libel. 94 Am. Dec. 456; 6 Ohio, 532; 9 Wis. 540; 13 R. I. 324; 3 Johns. 384; 7 C. and P. 680; 3 Salk, 236; 4 Mason, 115; 3 How. 266.

An action may be maintained for written words, which, if spoken only, would not be actionable. Am. and Eng. Ency., Vol. 13, pp. 294, 296, 298.

A sealed letter, mailed to a third party, is a publication. 1 Spencer (N. J.) 208; 6 Cush. 71; 1 Camp, 215.

In Louisiana, actions for slander and libel are not limited to words actionable *per se.* 16 La. 389; 36 An. 467.

It is not necessary, to constitute a libel, that the name of party be given in full. Waits Actions and Defences, Vol. 4, pp. 286 *et seq.*

In actions of libel, proof of damage is not necessary. 14 La. 198; 3 An. 69; 11 An. 206; 27 An. 219.

Injuries to feelings and social standing are grounds for damages. 23 An. 280; 38 An. 161.

Letters which intimate a suspicion of dishonesty may be a libel. Am. and Eng. Ency. p. 303; 23 Fla. 395.

---

*Dart & Kernan* for Defendant, Appellee.

---

Argued and submitted, May 8, 1895.
Opinion handed down, May 20, 1895.

---

The opinion of the court was delivered by

McENERY, J. This is a suit in damages for libel, plaintiff claiming two thousand five hundred dollars, and this appeal is taken from a judgment maintaining an exception of no cause of action and dismissing plaintiff's suit.

The pleadings in the case are as follows:

"To the Honorable Civil District Court for the parish of Orleans.

"The petition of Leopold Fellman, a resident of Galveston, in the State of Texas, respectfully represents:

" That Felix J. Dreyfous, a resident of the city of New Orleans did, falsely and maliciously, slander your petitioner in a letter addresssed by him, the said Dreyfous, to his sister, Mrs. B. Fellman, of New York, which letter is dated January 15, 1894, and contains the following slander on your petitioner, to-wit:

" 'Leopold F., however, imagined that I should have aided in stealing from others in order that he should be paid.   I am not of his build, nor are my ideas regarding honesty and propriety the same as his. I am of a higher school of morality. I stand here under the shadow of our father's image.   He was a noble instructor indeed.   His hands were never soiled.   Not one of your advisers (outside of Isaacs, of whom I know nothing favorable or unfavorable) can say as much.   I withdrew from the Kern case because the Kern-Fellman side of it was too nasty.'

" Petitioner avers that said Dreyfous mailed said letter to his said sister, and that he maliciously directed said slander against your petitioner; that your petitioner has always had a good reputation for morality and integrity; that he was one of the advisers of said Dreyfous' sister, Mrs. Fellman; that said Dreyfous knew it, and intended maliciously to refer to him in his said letter.

" That said letter obtained circulation among people with whom your petitioner had business and social intercourse, and that the slander therein was calculated to injure him in the opinion of his fellow-citizens.

" That your petitioner learned of the existence of said letter only in last November, and obtained possession thereof only in the latter part of January last.

" That said publication has damaged your petitioner in the sum of twelve hundred dollars, for injury to his feelings, social and commercial standing.   *   *   * "

To this petition the defendant filed the following exception:

" 1. That the plaintiff's petition does not set out the entire letter sued on, nor is it annexed to said petition, and exceptor is entitled to oyer of said document.

" 2. That this petition itself is vague and indefinite, and does not give exceptor such information as he is entitled to herein.

" 3. That the petition sets forth no cause of action.

" Wherefore exceptor prays that after hearing, the plaintiff be ordered to procure and file the letter referred to by him in his petition

within a time to be fixed by your Honor, under penalty; that in any event he be ordered to amend his petition in the particulars herein-above referred to, or that his suit be dismissed at his costs, and petitioner prays for judgment maintaining these exceptions and rejecting plaintiff's suit, and for all general and equitable relief."

The exception was maintained and the plaintiff appealed.

In response to the exception the plaintiff produced and filed the letter mentioned in this petition. It contained the part copied in the petition and alleged to be libelous.

It is now the settled jurisprudence of this State that any language defamatory in character, oral or written, which injures another in his business, office, social standing, or in his feelings, is actionable when uttered *malo animo*. The malice and the injury may be inferred from the nature of the communication, the character of the words and the falsity of the accusation. Spotonno vs. Fourichon, 40 An. 423; Weil vs. Israel, 42 An. 955; Warner vs. Clark, 45 An. 863.

Plaintiff's allegations aver all the elements essential to support the action. In the case of Warner vs. Clark, the letter of the defendant was apparently a harmless business communication to their customers notifying them that the plaintiff was no longer in their employ, and requesting their friends and customers to give him no recognition on their account. On proof that this letter was not for the purpose of protecting themselves, but in connection with other circumstances, to injure the plaintiff, we maintained, although amending it, the judgment of the lower court, awarding damages against defendants.

Intrinsically there was no defamation of plaintiff, and apparently no injury inflicted upon him by the letter of defendants. There were extraneous facts shown, however, which justified a judgment against defendants.

Whenever words have the slanderous meaning alleged, not by their own intrinsic force, but by means of some extraneous fact, this fact must be averred. In the petition of plaintiff the alleged slanderous words are set out in traversable form, and it is specially averred that they referred to the plaintiff.

The distinction does not exist in the jurisprudence of this State between words which are actionable in themselves, without proof of special damages, and words actionable only with reference to some consequential damages. Under the broad provisions of the Code

(Art. 2313) they are both placed on the same footing, and the plaintiff is entitled to such special damages only as he can prove that he has suffered. As malice is essential to constitute slander, which may be shown by proof, or may be inferred from the nature of the words, their falsity, the conditions under which they were published or uttered, and all the attendant circumstances, in its absence no damage, unless alleged and proved, can be awarded against the defendant. Malice, however, is presumed to exist until the contrary is shown. 1 Saund. 242, N. 2.

It is slander or libel to speak or write words which are injurious to the reputation of another. The plaintiff alleges that the words written by the defendant and circulated among his acquaintances were injurious to his reputation. This averment is sufficient to maintain the action. Under the exception we cannot determine whether or not the defendant was slandered. The facts leading to this conclusion are not before us.

It will be an occasion on the trial of the merits to ascertain whether the letter of defendant was in confidence, and in good faith communicated facts which he believed were true in order to protect the party to whom they were communicated, and whether the privilege resulting from such a communication, was forfeited by the unnecessary publication of the communication to other parties not interested. Townseud on Libel and Slander, pars. 241, 242, 243.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled avoided and reversed, and it is now ordered that this case be remanded to be proceeded with in due course of law, the appellee to pay costs of appeal.

### DISSENTING OPINION.

WATKINS, J. I do not think any cause of action is stated against the defendant, and, consequently, nothing can be accomplished by sending the case back for trial.