For the reasons assigned the judgment appealed from is affirmed.

78 So.2d 530

James W. MUNDY

v.

GENTILLY OAKS, Inc. et al.

Nos. 41394, 41909.

Feb. 14, 1955.

James J. Morrison, New Orleans, Rudolph R. Schoemann, New Orleans, of counsel, for plaintiff-appellant.

Henry B. Curtis, City Atty., Alvin J. Liska, Asst. City Atty., Bienvenu & Culver, P. A. Bienvenu, George Piazza, Robert G. Hughes, New Orleans, for defendants-appellees.

HAMITER, Justice.

In this cause the plaintiff, James W. Mundy, is prosecuting two separate, though consolidated appeals, taken from judgments sustaining exceptions of no cause of action and dismissing the suit as to some of the cited defendants.

The allegations of plaintiff's petition, together with certain documents on which they are largely predicated, disclose generally the following factual situation. Desiring to develop a real estate subdivision upon land situated in New Orleans which it owned, including the construction of some 283 houses, Gentilly Oaks, Inc. first made arrangements with the Sewerage and Water Board of that city, through a written agreement in which the Houston Fire and Casualty Insurance Company (referred to hereafter as Houston Fire) intervened as a surety, to obtain the necessary sewerage and water service. Then such owner let the work of installing the sewerage and water facilities in the subdivision to Southern Engineering and Construction Company, Inc. (hereafter referred to as Southern); and for the faithful performance and execution of that work a bond in the sum of $163,700 was furnished, the surety thereon being the United States Fidelity and Guaranty Company (hereinafter known as USF & G). Later, Southern also contracted with Gentilly Oaks, Inc. to perform the grading and surfacing of certain streets in the subdivision; and both, as principals, executed a $50,000 bond dated May 7, 1952, with USF & G as surety, in favor of the City of New Orleans to protect it from any damages resulting from a default in the street construction work. About the same time Southern subcontracted to plaintiff, James W. Mundy, certain portions of the work it had undertaken to do for Gentilly Oaks, Inc.

After a considerable portion of the mentioned construction had been performed, Southern assigned its contracts to one George E. Bradford, previously and perhaps then the president of that company, and the assignee executed new subcontracts with plaintiff who continued his operations. These were discontinued subsequently, however, Bradford having allegedly "wrongfully excluded" him from the job before its completion. Additionally, according to plaintiff's allegations, Bradford and Southern conspired together to breach his contracts; and they libeled and slandered him with respect to his business.

For securing the sums allegedly due him under his several subcontracts Mundy recorded material and labor liens totaling $125,745.48. And in due course he instituted this suit in which he seeks a solidary judgment for that amount against Gentilly Oaks, Inc., the City of New Orleans, the Sewerage and Water Board, Southern, Bradford, USF & G, and Houston Fire, together with recognition and enforcement of his recorded liens. Also, he demands judgment against Southern and Bradford, in solido, for $100,000 damages that al-

legedly resulted from their conspiracy to breach his subcontracts, and for an additional $100,000 damages occasioned to his business by reason of the libel and slander which they assertedly committed.

As to the demands for personal judgments against the City of New Orleans, the Sewerage and Water Board and Houston Fire, the district court sustained exceptions of no cause of action and dismissed the suit. From that ruling appeal No. 41,394 was taken.

The other appeal No. 41,909 is prosecuted by plaintiff from the dismissal of the suit as to his demand for $100,000 damages against Bradford and Southern arising out of the alleged libel and slander, exceptions of no cause of action directed by those defendants to that demand having been sustained.

■ If exceptions of misjoinder of parties and improper cumulation of actions were presented for our consideration we might be inclined to sustain them, for the suit involves several separate and unrelated demands and there is a lack of community interest among all of the cited defendants. But exceptions of that nature were not passed upon by the trial judge; hence, our review is limited to the matters to which the mentioned two appeals pertain.

■ We find no error in the judgment from which appeal No. 41,394 was taken. Clearly, there is not any liability on the part of the City of New Orleans to this plaintiff, for it had no contractual relations whatever with anyone respecting the construction of the improvements in question. The document of May 7, 1952 (a bonding agreement on which plaintiff relies) merely designated the city as beneficiary of the protection therein provided; it was not even executed by the municipality and, accordingly, evidenced no performance obligation by it.

■ Neither can it be concluded that the Sewerage and Water Board is responsible to plaintiff. The pertinent contracts disclose that while that governmental agency required the construction to be in accordance with its plans and specifications (since it was to operate the sewerage and water facilities after their completion) only the developer contracted for the improvements on the privately owned land and agreed to pay for them. The Sewerage and Water Board, as pointed out, was not to have possession and charge of the facilities until after their completion; and this was never accomplished.

■ Plaintiff seeks to hold Houston Fire liable on the theory that the bond executed by it for Gentilly Oaks, Inc., as principal, was given pursuant to the public and private mechanics' liens statutes of this state and was for the benefit of furnishers of labor and materials. But the undertaking, as the provisions thereof clearly reveal, was not of that nature; it was merely a penalty bond in favor of the Sewerage and Water Board. That agency had agreed to make, at considerable expense, the neces-

sary installations for servicing the sewerage and water systems proposed to be constructed by the developer; and the latter was required to furnish the bond for the protection of the former, guaranteeing that 283 residential units would be built and that all facilities for the mentioned systems would be provided and paid for. In this connection the instrument recited in part: " * * * Should the Developer fail to carry out each and every one of said obligations within two (2) years from date of this contract it is agreed and understood that the Developer and/or its Surety will pay unto the Sewerage & Water Board the sum of Eleven Thousand, Three Hundred, Twenty Dollars ($11,320.00), as liquidated damages * * *."

With reference to the charge of libel and slander, which is involved in appeal No. 41,909, plaintiff alleged that on certain mentioned dates Bradford, acting individually and as an officer and agent of Southern, stated and published to various persons, firms and corporations "that plaintiff had defaulted in his contracts to do construction work in Gentilly Oaks Subdivision, and that work plaintiff had done thereon was improperly and inexpertly done and not done in a workmanlike manner, or words to that effect", such statements having been specifically made to officers or employees of USF & G, Gentilly Oaks, Inc. and the Sewerage and Water Board, and also to Charles Pampania (a New Orleans contractor), to W. N. Nail (a Mississippi contractor), and to the president

(a Mr. Ellsworth) of the Merchants and Manufacturers Bank of Ellisville, Mississippi.

Plaintiff further alleged " * * *, that such aforesaid statements were and are untrue and false, the truth being that plaintiff was never in default on said job, and performed his work and subcontracts in a workmanlike manner; that said aforesaid slander and libel were vicious, malicious, and made without any just or proper cause or provocation and have damaged and injured plaintiff in his business and occupation and in his personal and business reputation, injuring and damaging him in his character and reputation as originally averred to the extent of $100,000.00."

■ While the mentioned statements are not slanderous per se, plaintiff has specifically alleged that they were false and were made maliciously with resultant injury to his personal and business reputation. These allegations, under our jurisprudence, are sufficient for stating a cause of action against Bradford. Fellman v. Dreyfous, 47 La.Ann. 907, 17 So. 422; New Iberia Extract of Tobasco Pepper Co. v. E. McIlhenny's Son, 132 La. 149, 61 So. 131; Vicknair v. Daily States Publishing Co., 153 La. 677, 96 So. 529. Whether or not they can and will be proved is a question not presently before us.

■ However, the petition does not also set forth a cause of action for slander as against Southern. No facts are alleged therein affirmatively disclosing that Bradford in making the statements was acting

in the course and scope of his duties as a representative of that corporation. See Wisemore v. First National Life Insurance Co., Inc., 190 La. 1011, 183 So. 247. True, plaintiff alleged that he was acting "as an officer and agent of defendant Southern", but the allegation is only a conclusion of the pleader.

For the reasons assigned the judgments are reversed and set aside insofar as they sustained Bradford's exception of no cause of action and dismissed the suit against him. In all other respects they are affirmed. Plaintiff shall pay the costs of appeal No. 41,394, and Bradford the costs of appeal No. 41,909.