HAWTHORNE, Justice.
The appeal in this case is from a judgment of the district court which dismissed plaintiff’s suit on an exception of no cause of action.
This suit is for $30,000 in damages un- ■ der Article 2315 of the Louisiana Civil 'Code for an alleged defamation. The petition in this case pertinently reads:
“That on or about February 27, 1955, between the hours of 1:00 to 1:30 P.M., the said Maxim Z. Fontenot, without any just cause or provocation, did, over a radio broadcasting network, namely K. E. U. N. of Eunice, Louisiana * * * ridicule petitioner by uttering falsehoods, particularly the following statement:
“ ‘Cazan tells you he wants to bring factories here — textile mills, milking process, feed mills, etc. Why, there was one textile mill that was coming here and about to be started in Mamou four or five years ago. This same Cazan is responsible for its not coming here. It is his fault that it did not come.’
* * * * * *
“That the said statement so uttered by the said Maxim Z. Fontenot was entirely false, scandalous, malicious, and defamatory of your petitioner’s good name, fame, *432 credit and reputation, by reason whereof he has been injured and damaged. * * *
* * * * * *
“ * * * that the said Maxim Z. Fon-tenot over the aforementioned Radio Broadcasting Station did speak and utter the words above mentioned in such a way so as to injure your petitioner in the estimation of his neighbors, friends and acquaintances.
******
“ * * * that defendant Maxim Z. Fon-tenot, at the time he uttered these false, scandalous and malicious words, well knew that petitioner had always done all in his power to bring industry to the South, and particularly to the Parish of Evangeline, Louisiana; that the defendant’s purpose and design in uttering the above statement was to damage petitioner’s reputation and his business.
* * * * * *
“That your petitioner is a successful businessman who has endeavored all his life to promote various business concerns for the good of the people and that he has financial interests in various businesses which defendant herein damaged through his false, malicious and scandalous words.”
Article 2315 of the Louisiana Civil Code provides that every act of man which causes damage to another obliges him by whose fault it happened to repair it. In Acme Stores v. Better Business Bureau, 225 La. 824, 74 So.2d 43, 44, a libel and slander suit was dismissed in the trial court on exception of no cause of action. This court overruled the exception, saying: “A plaintiff suing for damages for an alleged slander or libel, or both, is not called on to state verbatim the words on which he bases his cause of action. All that he is required to do is to allege a state of fact's or a condition of things such as would show such fault on the part of the defendant, as is contemplated under Article 2315 of the LSA-Civil Code, with the resulting damages he claims. See Covington v. Roberson, 111 La. 326, 35 So. 586; Vicknair v. Daily States Publishing Co., 153 La. 677, 96 So. 529.”
In Mundy v. Gentilly Oaks, 227 La. 118, 78 So.2d 530, 533, a charge of libel and slander was held by the district court to state no cause of action. We overruled the exception, being of the opinion that “While the mentioned statements are not slanderous per se, plaintiff has specifically alleged that they were false and were made maliciously with resultant injury to his personal and business reputation. These allegations, under our jurisprudence, are sufficient for stating a cause of action * * *. Fellman v. Dreyfous, 47 La.Ann. 907, 17 So. 422; New Iberia Extract of Tabasco Pepper Co. v. E. McIlhenny’s Son, 132 La. 149, 61 So. 131; Vicknair v. Daily States Publishing Co., 153 La. 677, 96 So. 529. Whether or not they can and will be proved is a question not presently before us.”
Martin v. The Picayune, 115 La. 979, 40 So. 376, 377, 4 L.R.A..N.S., 861, is authority for the proposition that doubt as to whether the petitioner states a cause of action in defamation should be resolved in favor of trial on the merits. There Dr. Martin sued a daily newspaper for damaging his reputation by publishing an article in which the doctor was extravagantly praised for curing a young lady who had been an invalid for years due to a congenital hip disease. The doctor alleged that his Parish Medical Society frowned on advertising by physicians, considering it unethical, and that as only quacks advertise he had been damaged by the defendant newspaper’s article. This court overruled the exception of no cause of action sustained by the district court and ordered the case tried on the merits. In that proceeding we said: “In our view, if the publication was malicious, and if it-was injurious to plaintiff, it would afford ground for action. True, the words of the article are of praise and congratulation, and no one would seriously contend that they are *433 in themselves actionable. * * * But words of praise and gratulations may — on rare occasions, fortunately — lead to injurious consequences, lose their grace and charm, and become actionable.”
And in Fellman v. Dreyfous, 47 La.Ann. 907, 17 So. 422, 423, we held that “any language, defamatory in character, oral or written, which injures another, in his business, office, social standing, or in his feelings, is actionable, when uttered malo ani-mo.”
The gist of the petition in the instant case is that this defendant maliciously and without cause broadcast false statements about petitioner in such a manner as to ridicule and injure him, with resulting damage to petitioner’s personal and business reputation. We are of the opinion that this petition states a cause of action in defamation under Article 2315 of the Louisiana Civil Code and the jurisprudence of this state.
In asking this court to affirm the district court judgment dismissing this suit on exception of no cause of action, ap-pellee cites and relies on a number of cases which are not pertinent here. It is our view that the instant suit, which is before us on an exception of no cause of action, is controlled by our decisions in the recent cases discussed above — i. e., Mundy v. Gentilly Oaks, 227 La. 118, 78 So.2d 530, and Acme Stores v. Better Business Bureau, 225 La. 824, 74 So.2d 43.
The judgment appealed from is reversed and set aside and this case is hereby remanded to the district court for further proceedings. Costs of this appeal are to be paid by appellee and all other costs are to await the final outcome of this suit.
TATE, J., takes no part.