HARDY, Judge.
This suit was instituted by plaintiff husband and wife for the recovery of damages to property and person resulting from an automobile collision between an automobile driven by plaintiff wife and one driven by Aubrey Riche. Named as defendants were Riche and his public liability insurer,. State Farm Mutual Automobile Insurance Company, and Riche’s employer, the Standard Life Insurance Company. Exceptions-of no right and no cause of action were filed by defendant, Standard Life Insurance Company, to plaintiffs’ original and several-amended petitions. After hearing there was judgment sustaining the exception of no-cause of action and dismissing plaintiffs’ suit as against the defendant, Standard. Life Insurance Company, from which judgment plaintiffs have appealed.
Defendants’ exception is based upon the-contention that the allegations of plaintiffs” petitions are not sufficient to justify a conclusion of the existence of an employment relationship between Riche and Standard-Life Insurance Company under which the-latter could be held liable under the doctrine of respondeat superior.
Reference to plaintiffs’ several petitions, discloses the following factual allegations t.
(1). That defendant, Riche, is employed by defendant, Standard -Life Insurance Company, as a salesman of life, hospitalization, health and accident insurance and the collection of premiums therefor;
(2). That in his employment the defendant, Riche, is under the authority of a supervisor of the named company- and is furnished by said company with; an office and telephone;
(3). That under the conditions of his-employment the defendant, Riche, is-required to sell insurance exclusively for his employer, Standard Life Insurance Company, which company designates the territorial area in which the-said Riche performs his duties, has-complete control over the terms of policies sold and the manner in which, the premiums are to be paid, designates-the commission allowed the said Riche,, and has the authority to terminate the-relationship at any time and for any' reason;
*23 (4). That defendant, Riche, is required to attend regular meetings held under the authority of his immediate supervisor, and that the relationship between Riche and Standard Life Insurance Company is a continuing one which will exist until terminated by one of the parties;
(5). That defendant, Riche, is paid by Standard Life Insurance Company on a commission basis in addition to a fixed salary of approximately $5,000 per year;
(6). That at the time and place at which the accident, which is the basis of this suit, occurred, the defendant, Riche, was engaged in making a call on a prospective policyholder in the interest of his employer, Standard Life Insurance Company, and was then and there in the course and scope of his employment.
For the purpose of passing upon defendants’ exceptions of no cause of action the allegations of fact above related, as set forth in plaintiffs’ petition, must be accepted as true. The question as to whether such facts can be adequately established is one which addresses itself to a trial on the merits, with which we are not here concerned.
Counsel for plaintiffs argue that the relationship resulting from the allegations of fact contained in plaintiffs’ petitions constituted that of principal and agent, or employer and employee, under which the prin■cipal or employer would be liable for the torts of its agents or employees.'-
It is clear that plaintiffs’ rights, if any, against the defendant, Standard Life Insurance Company, must be determined under the responsibility established by Articles 2317 and 2320 of the LSA-Civil Code, the pertinent provisions of which, respectively, read as follows:
“We are responsible, no,t only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, ii
“Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.”
Learned counsel for defendant rely primarily upon certain abstract definitions of legal principles, particularly the rule elucidated in the American Law Institute’s Restatement of the Law of Agency. We think it is a fair statement of counsel’s principal contention to observe that he relies upon that pronouncement from the above text, Section 220, Subsection (1), paragraph e., which reads, in part:
“Independent Contractors. It is important to distinguish between a servant and an agent who is not a servant, since ordinarily a principal is not liable for the incidental physical acts of negligence in the performance of duties committed by an agent who is not a servant.”
We think a great deal of confusion and lost motion can be avoided in the instant case by disregarding the niceties of distinction under various categories of relationr ships such as master and servant, principal and agent, principal and independent contractor, and employer and employee. In many instances these various relationships are overlapping and sometimes involve areas of vagueness and uncertainty. Fortunately, we think the issue to be disposed in this case is susceptible of simple statement and has been conclusively determined by appropriate jurisprudence.
Plaintiffs’ cause of action must depend upon the assertion in their pleadings of an existing relationship of employment and the commission of the tort by the employee while acting in the course and scope of such employment.
We think it is unimportant that the defendant, Riche, in the instant case is *24 denominated as an agent of the defendant, Standard Life Insurance Company. It is a matter of common knowledge that in the insurance business the terms "agent11 and “salesman” are more or less interchangeable. The relationship which is adequately delineated in plaintiffs’ several petitions clearly comprehends the existence of a contract of employment in which Riche was obligated to perform services in the interest and for the benefit of his employer. Viewed in this light the relationship is closely akin to that of an employer and a free-lance salesman of tangible products. We think this observation is exemplified by a continuation of the quotation from the Restatement of the Law, cited supra, which reads:
"One who is employed to make contracts may, however, he a servant. Thus, a shop girl is, and a traveling salesman may be, a servant and cause the employer to be liable for negligent injuries to a customer or for negligent driving while traveling to visit prospective customers.” (Emphasis supplied.)
The principle of liability which we regard as applicable was clearly stated by our Supreme Court in Gann v. Great Southern Lumber Co., 131 La. 400, 59 So. 830, 831, as follows:
“As a general rule, a corporation is liable, like a natural person, for the torts of its officers or agents within the scope, or apparent scope, of their authority.”
In the cited case the court construed the term “in the course of his servant’s employment” as referring to — “acts done by the servant * * * in connection with, or in furtherance of, the purposes of his employment.”
The above pronouncements from the Gann case were quoted, inter alia, in the opinion of the Supreme Court in Wisemore v. First National Life Ins. Co., 190 La. 1011, 183 So. 247, which involved the liability of an insurance company for the tort of one of its salesmen. The petition recited that at the time and place of the commission of the tort the salesman was in the employ and working for the defendant insurance company, within the course of his employment and within tire scope thereof, in connection with the soliciting of insurance business, in collecting premiums, etc. The case before the Supreme Court was on appeal from judgment sustaining an exception of no cause of action, which judgment was reversed and the case remanded on the ground that the defendant insurance company was liable in solido, with its employed salesman “while acting within the scope of his authority and in the performance of his duties as agent of defendant company.”
In connection with the interpretation of a policy of insurance involving the same general principle, the Supreme Court held that the liability of the employer of a salesman of heavy machinery, under the provisions of Article 2320 of the LSA-Civil Code, was to be interpreted in the light of the services performed within the scope of the employment. Maas v. Harvey, 200 La. 736, 8 So.2d 683.
The relationship of an insurance company and its agent as affecting the question of liability was held to depend upon the facts, at the time of the accident, justifying the conclusion that the agent at the time was-engaged on the business of the employer, in a suit before this court, Caldwell v. Unity Industrial Life Insurance Co., La.App., 17 So.2d 757.
In Mundy v. Gentilly Oaks, Inc., 227 La. 118, 78 So.2d 530, the Supreme Court sustained an exception of no cause of action on the ground that the petition failed to allege the fact that the defendant agent was acting in the course and scope of the performance of his duties as a representative or agent of his principal.
Adverting to the factual allegations of plaint'ffs’ petitions, we think it is obvious that the essential requirements of an em *25 ployment relationship between defendants, and the commission of the alleged tortious act by the defendant agent or employee while engaged in the course and scope of his employment, have been adequately set forth. This being so, it follows that plaintiffs are entitled to a hearing on the merits.
For the reasons assigned the judgment appealed from is annulled, reversed and set aside and there is now judgment overruling defendant’s exceptions and remanding the case to the Honorable the Ninth Judicial District Court in and for the Parish of Rapides, State of Louisiana, for further proceedings in accordance with law and the views herein expressed. Costs of this appeal are taxed against defendant, Standard Life Insurance Company, and all other costs shall await final disposition of the case.