LOTTINGER, Judge.
This is a suit by Dr. Anne Lazar, as petitioner and against Lionel Gremillion and Allan M. Johnstone, M.D., as defendants, in solido for damages in the sum of $50,000.00 for libel. The defendants filed an exception of no cause and no right of action. The exception of no right of action was overruled and the Lower Court sustained the exception of no cause of action and dismissed the suit. The petitioner has taken this appeal.
The pertinent portion of the petition indicates that on March 11, 1965, the defendants signed a letter on the stationery of the East Louisiana State Hospital, Jackson, Louisiana, addressed to petitioner, and caused same to be delivered to her, wherein they notified her that her status as Physician II was being terminated at the close of business on March 15, 1965. Petitioner was a probationary employee holding said status. Defendant, Lionel Gremillion, was the Superintendent of the East Louisiana State Hospital, and defendant, Allan M. John-stone, M.D., was the Clinical Director of said institution.
The petition alleges that the letter, or copies of same,
“ * * * were published and circulated to and seen by various persons connected with the East Louisiana State Hospital, the State Department of Hospitals, and the State Department of Civil Service.”
The letter, which according to petitioner contains the libelous statements, is as follows :
“Pursuant to the authority in the Civil Service Ruling 9.1E, you are hereby advised that you will be separated from your probationary appointment as Physician II effective at the close of business March 15, 1965.
You are being separated because of the following offenses during your probationary period:
*37 Your efficiency as a physician in the Medical Division of the Hospital has been impaired because of:
1. Frequent unauthorized absences from your work area.
2. Creation of disturbances among fellow employees detrimental to morale among your fellow employees and ultimately to patient care.
3. Failure to carry out duties specifically assigned by the Director of the Medical Division.
4. Instances in which your correspondence with other hospitals relative to patient care have been sarcastic and disruptive to good interagency relationships.
5. Unauthorized correspondence with other agencies without prior clearance through the line of authority with the Director of the Medical Division, the Clinical Director, and the Superintendent.
6. Reports of conduct unbecoming a physician in the presence of patients and subordinate employees.”
Paragraph XI of the petition recites that the accusation made in the letter “ * * * constituted unwarranted, false, defamatory, malicious and libelous charges and attacks against the plaintiff’s, and maliciously contrived and intended to injure her reputation for professional skill, ability and integrity, and her personal and professional reputation.”
The exception of no cause or right of action filed by defendants alleged that the petition alleges no facts to support the contention of “malice”, that there is no allegation that said letter was circulated to or in fact seen by anyone who did not either have an affirmative duty to act in the premises in his official capacity and thus have the need to know all information concerning plaintiff as an employee. The defendants furthermore alleged the defense of the privileged communication.
In its judgment maintaining the exception of no cause of action, the Lower Court held that there were no allegations in the petition that the publication was made to any unauthorized person under the doctrine of qualified privilege, and sustained the exceptions of no cause of action.
Rule 9.1-Sec. E of the Louisiana Civil Service Rules, provides that:
“A probationary employee may be removed by his appointing authority at any time during the probationary period, providing that the appointing authority shall furnish the employee and the Director reasons therefor in writing.”
It is the contention of the defendants, therefore, that the letter in question was nothing more and nothing less than the performance of the defendants’ statutory duty as public officials. The facts also disclose that a probationary employee is given no right of appeal to the Civil Service Commission, and petitioner therefore contends that her only right of relief is to the Court.
In its reasons for judgment, the Lower Court said:
“This Court is aware of the large multitude of state personnel, the work records, supervision and payroll records involved in order to operate with any degree of efficiency, and under Civil Service, a finding must be made that defendants’ action was a conditional or qualified privilege as a result of a duty imposed upon them in their supervisory position. To hold otherwise, unless there is an abuse in publication, would be to subject state officials to such a penalty as would ren-, der their position untenable.”
We are in accord with the above quotation from the reasons given by the Lower Court, however, this matter is before us on an exception of no cause of action in which the Court must consider as true all well pleaded facts alleged in the petition.
*38 The courts of this state have repeatedly held that a privileged communication does not extend to the publication of various statements or fact concerning public officers. Martin v. Markley, 202 La. 291, 11 So.2d 593.
In Fontenot v. Fontenot, 235 La. 488, 104 So.2d 431, the District Court dismissed the petitioner’s suit in slander on an exception of no cause of action. In reversing the decision of the Lower Court, the Supreme Court said:
“In Mundy v. Gentilly Oaks, 227 La. 118, 78 So.2d 530, 533, a charge of libel and slander was held by the district court to state no cause of action. We overruled the exception, being of the opinion that ‘While the mentioned statements are not slanderous per se, plaintiff has specifically alleged that they were false and were made maliciously with resultant injury to his personal and business reputation. These allegations, under our jurisprudence, are sufficient for stating a cause of action * * *. Fellman v. Dreyfous, 47 La.Ann. 907, 17 So. 422; New Iberia Extract of Tabasco Pepper Co. v. E. McIlhenny’s Son, 132 La. 149, 61 So. 131; Vicknair v. Daily States Publishing Co., 153 La. 677, 96 So. 529. Whether or not they can and will be proved is a question not presently before us.’
“(1) Martin v. The Picayune, 115 La. 979, 40 So. 376, 377, 4 L.R.A.,N.S., 861, is authority for the proposition that doubt as to whether the petitioner states a cause of action in defamation should be resolved in favor of trial on the merits.”
We believe that the petitioner is entitled to her day in Court. It might well be true that, after a trial on the merits, it will be found that she is unable to sustain her position, however, this is a matter to be determined after evidence has been adduced upon trial on the merits.
For the reasons assigned, the judgment of the Lower Court is reversed, and this matter is remanded to the Lower Court for further proceedings, all costs of this appeal shall be paid by defendants.
Judgment reversed and remanded.