505 F.2d 959
 Royce and Mamie McBETH, Plaintiffs-Appellants,
v.
UNITED PRESS INTERNATIONAL, INC., Defendant-Appellee.
No. 74-2359 Summary Calendar.*
*Rule 18, 5 Cir., see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 30, 1974.
 
 Donald V. Organ, New Orleans, La., for plaintiffs-appellants.
 Robert E. Winn, J. David Forsyth, New Orleans, La., for defendant-appellee.
 Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit judges.
 PER CURIAM:
 
 
 1
 Jannas Geneva McBeth died on November 29, 1972 when she attempted to avoid the fire that had engulfed the Rault Center in New Orleans, Louisiana by jumping from the fifteenth floor of the building. United Press International (UPI) published a story on the fire that mentioned Jannas' death. The article described Jannas as seven months pregnant, when in fact she was neither married nor pregnant at the time. Royce and Mamie McBeth, her parents, sued United Press International for defamation. They brought the action on behalf of Victor R. Vince, Jannas' minor son. Additionally Royce McBeth sued as administrator of her estate. The District Court dismissed the complaint as to both causes of action. For the reasons outlined below, we affirm.
 
 
 2
 Louisiana law governs the disposition of this diversity case. Since that state has no statute specifically governing defamation actions, the suit arises under the general tort article, La.Civ.Code Art. 2315 (1971). That Article contains specific provisions relative to survival of tort actions. It provides: 'The right to recover all other damages (other than property damages) caused by an offense or quasi offense, if the injured person dies, shall survive . . . in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children . . ..' The statute's plain language shows that the defamation action does not survive to the estate of Jannas McBeth. The trial judge properly dismissed the complaint of Royce McBeth in his capacity as administrator.
 
 
 3
 The Complaint also avers that publication of the statement in question 'visited great damage, embarrassment, humiliation, chagrin on Victor R. Vince . . ..' Thus Victor, through his grandparents, seeks to sue in his own right. Under Louisiana law, the plaintiff in a defamation action must establish four elements to prevail: (1) publication; (2) falsity; (3) actual or implied malice; (4) injury. See Fontenot v. Fontenot, 235 La. 488, 104 So.2d 431 (1958); Lazar v. Gremillion, 189 So.2d 35 (La.App.1966); Cox, Defamation: A Compendium, 28 La.L.Rev. 82 (1967). UPI apparently concedes that the publication and falsity requirements are met here. Since the allegations in the Complaint must be taken as true, the damage element is also satisfied. However the Complaint fails to allege malice. Instead it asserts that UPI published the false statement 'through neglect, inattention and carelessness.' We recognize that Louisiana courts resolve doubts about the Complaint in favor of trial on the merits. Fontenot v. Fontenot, supra; Martin v. The Picayune, 115 La. 979, 40 So. 376 (1906). However where the allegedly defamatory statements are not libelous or slanderous per se, Louisiana courts require an allegation of malice. Cf. Smith v. Lyons, 142 La. 975, 77 So. 896 (1918).
 
 
 4
 Failure to allege malice is not the only barrier to the cause of action on behalf of Victor R. Vince. The tort action of defamation is personal to the party defamed. See W. Prosser, The Law of Torts 111 (4th ed. 1971). The general rule precludes a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. See W. Prosser, The Law of Torts 111 (4th ed. 1971); 50 Am.Jur. 2d, Libel and Slander 311; Annot., 132 A.L.R. 891 (1941). The statement at issue here contains no direct reference to Victor R. Vince. While we have found no Louisiana cases directly covering the point, we feel that Louisians courts would follow the general rule.
 
 
 5
 For the reasons stated above, the District Court properly dismissed the complaint for failure to state a claim on which relief could be granted.
 
 Affirmed.[1]
 
 
 [1]
 Our disposition of the case makes it unnecessary to consider the effect of the recent Supreme Court decision in Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) on the Louisiana law of defamation relative to events of public interest. See Francis v. Lake Charles American Press, 262 La. 875, 265 So.2d 206 (1972)