379 So.2d 829 (1980)
August D. CORCORAN, Thomas P. Simmons, and Alvin H. Boquet
v.
NEW ORLEANS FIRE FIGHTER'S ASSOCIATION LOCAL 632 and Clarence J. Perez.
No. 10595.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
*830 Duke & Porterie, John L. Hantel, New Orleans, for plaintiffs-appellants.
Barker, Boudreaux, Lamy, Gardner & Foley, C. Paul Barker, New Orleans, for defendants-appellees.
Before GARRISON, CHEHARDY and STOULIG, JJ.
CHEHARDY, Judge.
Plaintiffs August D. Corcoran and Thomas P. Simmons[1] have appealed a judgment dismissing their libel suit against the New Orleans Fire Fighter's Association and Clarence J. Perez on an exception of no cause of action.
In adjudicating the validity of an exception of no cause of action, the pleadings in the petition are accepted as true and any doubt as to whether a cause of action is stated must be resolved in favor of granting plaintiffs a trial on the merits. C.C.P. art. 931; Hero Lands Company v. Texaco, Inc., La., 310 So.2d 93 (1975), and Fontenot v. Fontenot, 235 La. 488, 104 So.2d 431 (1958). Plaintiffs' petition alleges that they are employees of the New Orleans Fire Department and have been for many years; that until September 1, 1978, they were members of the New Orleans Fire Fighter's Association Local 632 and at that time they resigned; that in November 1978 a publication, edited by Clarence Perez, libelled them by listing them as freeloaders and slackers which damaged their reputations among their coworkers; that the publication "Crescent City Fire Fighter" has a circulation of 6,000 and is distributed to many citizens and government officials in the New Orleans area; that the libel was intentional and malicious; that the character and integrity of petitioners have been damaged; and that some but not all of the nonunion members were named in this publication.
The publication upon which plaintiffs base their claim is attached to the petition. After alluding to both plaintiffs by name as freeloaders, a poem entitled "A Freeloader" is printed which, inter alia, likens the freeloader to "a fair weather friend" or a "leach on a toad."
The essential elements of a defamation action, whether libel or slander, are defamatory words; publication or communication to some person other than the one defamed; falsity; malice, actual or implied; and resulting injury. Trahan v. Ritterman, 368 So.2d 181 (La.App.1st Cir. 1979); Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir. 1975). Measured by these standards, the plaintiffs' petition does state a cause of action.
The bases upon which defendants rest their exceptions are the assertions that the publication is true, and alternatively, if in fact the statements are derogatory or exaggerated, then defendants are protected by privilege. Defendants may not defeat plaintiffs' right to trial on the merits via exception of no cause of action with averments that raise new issues and are properly the subject of affirmative defenses. In Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958), the Supreme Court listed as valid "defenses" in a libel case (1) truth; (2) fair comment and criticism (concerning persons in public life); and (3) privilege. In the more recent case of Carter v. Catfish Cabin, supra, again the court alluded to "truth" and "privilege" as defenses.
The publication attached characterizes plaintiffs as freeloaders and slackers and the petition asserts some nonunion members were singled out for this public attack which they assert was made with malice. The defendants must affirmatively show that they are exempt from the application of C.C. art. 2315 if plaintiffs prove these *831 assertions when this case is tried on the merits.
At this stage it is premature to consider either First Amendment or federal preemption privilege claims. Not only does our jurisprudence support the proposition that a claim of privilege is a defense, not the basis of an exception, but the federal decisions relied upon by defendants indicate trials on the merits were held. In Old Dominion Br. No. 496 Nat. Ass'n, Letter Car. v. Austin, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745 (1974), the Supreme Court explained the privilege doctrine in libel litigation. Even though the privilege rests on First Amendment free speech guarantees and a policy declared by federal law to permit vigorous labor activity, it is essential to hold a trial on the merits to determine whether in fact the alleged libel was made within the scope of activity exempted as privileged by federal policy.
For the reasons assigned, the judgment appealed from is reversed and this matter is remanded for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff Alvin H. Boquet did not appeal from the adverse judgment; therefore, as to him, the decision of the trial court is final.