WARD, Judge, concurs.
Because this court in Melancon v. Hyatt Corp., 589 So.2d 1186 (La.App. 4th Cir.1991) has tacitly recognized a right of action for loss of consortium caused by the defamation of a spouse, I must concur in the majority’s decision. In Melancon the only issue briefed and considered by the court was the quantum of an award for loss of consortium, with this court reducing the award of the trial court. The question of whether any claim of loss of consortium should be recognized in defamation suits was not briefed or considered. It is however raised now, and I believe the majority errs by not overruling Melan-con insofar as it recognizes loss of consortium damages in defamation suits.[1]
*397 In the context of this case a claim of damages for loss of consortium is the claim of a spouse for loss of love and affection, society and companionship, sexual relations, right of performance of material services, right of support, aid and assistance, and felicity, all resulting from tortious injuries to the other spouse. Johnmeyer v. Creel, 499 So.2d 571 (La.App. 2d Cir.1986). From this definition, it can be readily seen that these losses are those that result from physical injuries to a spouse, and those injuries are not readily associated with defamation — damages to the reputation of the other spouse. As a matter of fact, it is difficult to imagine that damages to a reputation would ever result in the loss of consortium, and unless the defamation caused some physical or medically identifiable mental injury, I would not recognize the claim.
Where the issue has been considered, there is a decided division of opinion. Some states recognize the claim and others do not. Where it is recognized, the State courts have relied on statutes which support the claim. The claim is generally not recognized in Federal rights eases, such as FELA, Jones Act or Civil Rights violations, although it is recognized in claims under general maritime tort law. Nevertheless, I do not believe we should treat defamation just like any other tort, as the majority does. As a matter of fact, defamation is not like any other tort, because it competes for recognition with freedom of speech. Courts have not treated it as any other tort. For example in Coulon v. Gaylord, 433 So.2d 429 (La.App. 4 Cir.1983), this Court held that a decedent’s relatives could not recover for defamation of the deceased, no matter how devoted they may have been., In McBeth v. United Press International, Inc., 505 F.2d 959 (5th Cir.1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975), that court said:
“The tort action of defamation is personal to the party defamed. The general rules preclude a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. See W. Prosser, The Law of Torts Sec. Ill (4th Ed.1971); 50 Am.Jur.2d, Libel and Slander Sect. 311; Annot. 132 A.L.R. 891 (1941) ... 505 F.2d at 960. ******
As a general rule no action lies by a third person for damages suffered by reason of defamation of another person. The action must be brought by the person against whom the defamatory charge has been made; a third person cannot sue either alone or jointly with the interested party.” 53 C.J.S. Libel and Slander Sec. 145 (1945).
I recognize that these authorities have aged. Nevertheless, our Supreme Court has recently considered defamation in Gugluizza v. K.C.M.C., Inc., 606 So.2d 790 (La.1992), and held that defamation is “intended to address injuries flowing from harm to one’s reputation,” and in order to be actionable “defamatory words must be of and concerning the plaintiff or, directly or indirectly, east a personal reflection of the plaintiff.” Id. at 791.
Loss of consortium is a derivative right. It extends not only to the spouse, but to others such as children and parents (the same category of persons who have an action for wrongful death). Extension of claims to this group will have the same consequences as extending the claim to those who claim defamation of the dead, a consequence our Supreme Court considered in Chigluizza.
“Additionally, we note that there is a constitutional dimension to sustaining a cause of action for defamation of the dead. Adding a new cause of action expands the class of potential defamation claimants and the type of injuries historically redressed by a defamation action. This expansion would have a correlative ‘chilling effect’ on the freedom of speech and of the press protected by the first amendment of the United States Constitution (footnote omitted) and Article 1, section 7 of the Louisiana Constitution of 1974. Whatever is added to the field of libel is taken from the field of free debate.” New York Times Co. v. Sullivan, 376 U.S. 254, 272, 84 S.Ct. 710, 721, 11 L.Ed.2d 686 (1964) ...
In sum, I believe defamation is a tort peculiar to the person because it deals with that person’s reputation and because it com *398 petes with freedom of speech. I would not burden free speech with claims by spouses, children and parents for loss of consortium. The majority errs by not distinguishing between defamation and other torts.

. This court sits in panels which are bound by decisions of this court even if rendered by another panel, and a decision of this court may only be overruled if a majority of a panel votes to overrule a decision and submits the issue to the entire court for its determination. In this case the majority of the panel declines to overrule Melancon.