LAND, J.
This is a suit for damages for an alleged libel published in the New Orleans Picayune on November 6, 1902, reflecting on the character of plaintiff’s minor daughter, aged 19 years.
Plaintiff sued for himself individually and as tutor for his minor daughter, who married pending the suit, and her husband, Peter Strenger, was made a party.
The suit was discontinued as to the owners of the Picayune. The bag company pleaded the general issue. The ease was tried before a jury, and there was a verdict and judgment in favor of Mrs. Strenger for $500, and against the individual demand of the' plaintiff. Defendant appealed.
Plaintiff and appellee answered the appeal, praying for an increase of the judgment in his own behalf, and for the benefit of his minor child, Hannah L. Pattison, wife of P. L. Strenger. There has been no appearance made in this court by Mrs. Strenger and husband.
The plaintiff individually had no standing in court. Black v. Carrollton Railroad *966 Company, 10 La. Ann. 33, 63 Am. Dec. 586; 8 Am. & Eng. Ency. Law (2d Ed.) p. 664.
The petition represents that the daughter had been an employé for several years of the Gulf Bag Company, Limited, of which Robert J. Wood was manager, and was discharged from service without just cause on August 28, 1902; that on November 6, 1902, the‘libel complained of was published in the columns of the Picayune; that the girl referred to in the publication was the daughter of the plaintiff; that the article as published was the result of a malicious and deliberate conspiracy between the defendants to injure and defame the character of the daughter, and had the effect of blasting her reputation, good name, and future as an innocent and virtuous girl. A copy of the newspaper containing the article referred to was made a part of the petition. The offensive matter is set forth in what purports to be a statement made by Manager Wood of the bag company to one Mr. Alexander and other gentlemen representing the Central trades and labor council, in an interview relative to the striking employés of the bag company. Among the propositions of settlement presented to the manager was the following:
“The above contemplates that all of the old employés, including Miss Patterson, are to return to work within one week from date of acceptance.”
The article proceeds to detail the interview between Mr. Alexander and Manager Wood, and quotes the latter as speaking as follows:
“You have been misinformed,” said Wood, “as have a great many others. 1 did not believe that you understood just what did happen here, and what precipitated this situation. It was not a trivial offense—it was not the cause which has been generally assigned by the Union. It was a good cause, which she knows and which I know, and which I could tell you if necessary, but which I would prefer not to. Suffice it to say, however, that the cause was such that she could not be retained in this factory.”
The petition charges that plaintiff’s daughter was the girl referred to, and that said article as published was the result of a conspiracy between the defendants.
It was not necessary for the pleader to have gone to the extent of alleging a conspiracy. The Picayune’s liability resulted from the publication of the defamatory matter, and the mere privity of the bag company was sufficient to make it also responsible. The manager was interviewed and made a statement for the purpose of publication. He spoke for the corporation and authorized the insertion of his remarks in the article that appeared in the columns of the Picayune.
Evidence as to the statements of the manager was admissible, not for the purpose of proving slander, but to show that the company, through him as its representative, authorized the publication of the alleged libel.
The defense that the defendant company was not in business during the year 1902, but that the factory belonged to and was operated by- its successor, the “Bemis Bros. Bag Company,” was not set up in the answer. Besides the business was conducted in the name of the Gulf Bag Company, as far as the employés and the public were advised, and the addition on letter heads of the legend “Branch Bemis Bro. Bag Company” is without significance. Parol evidence was not admissible to show that the Gulf Bag Company had been put into liquidation, -or that the other company was a foreign corporation authorized to do business in this state, or that the two had been merged.
The only evidence of the existence of the second company is the testimony of the manager, who admits that the name of the old company was used in the conduct of the business for the purpose of securing the benefits of its good will and patronage. Both had the same manager and, as to the public, the same name. The name of the Gulf Bag Company was used throughout the published article. If there was a merger of the old company, *968 it was secret and intentionally concealed from the public. The Gulf Bag Company held itself out as still doing business, and its stockholders must take the consequences.
The language used was defamatory, and well calculated to injure the good name and reputation of plaintiff’s daughter. No specific misconduct was charged, but the statement implies that the girl had done something of such a nature that she could notberetained in the factory. It is due to the manager and the reporter to state that they testified that they did not consider the language used as defamatory in the sense alleged in the petition.
The manager testified that his only objectiou against the girl was that she affiliated with the Union and was a disorganizer of labor in the factory. The girl was discharged for the ostensible reason that she was a few minutes late in coming to her work. In the published article, the manager said in effect that this was not the true reason, and proceeded to state that there was a reason, known to himself and the girl, which he preferred not to tell, but was such that she could not be retained in the factory.
The unavoidable inference is that the reason not disclosed was personal to the girl, and had nothing to do with her work or the strike. The insinuation contained a veiled charge of some wrongdoing, the nature of which was left to the imagination.
The manager denied that he had been correctly reported. On this point the evidence is conflicting,' and we are not prepared to dissent from the conclusion of the jury.
The manager represented the corporation in this state, and sanctioned the publication of the libel in the interest of the company for which he spoke. A corporation may be held responsible for libel. Vinas v. Insurance Co., 27 La. Ann. 367; Townsend on Slander and Libel, § 265.
-Injury and malice may be inferred from the nature and falsity of the words and the surrounding circumstances. Spotorno v. Fourichon, 40 La. Ann. 424, 4 South. 71.
In cases of this kind there is no standard for the measurement of damages, and the-amount is left largely to the discretion of the trial judge or jury. Moreover, there is no prayer by the proper party for an increase-in the amount awarded.
Judgment affirmed.