DOMENGEAUX, Judge.
This tort suit arose out of a minor accident which occurred on November 15, 1974, in Lafayette, Louisiana. The plaintiff was travelling down Olivier Street in her Volkswagen automobile when she came to a stop behind defendant Consolidated’s truck, which was being driven by defendant Steve Jumonville. Jumonville negligently backed into plaintiff’s ear at a speed of approximately five miles per hour, causing damage to the automobile and, allegedly, injury to plaintiff. The case was tried before a jury, and the jury awarded $1,370.00 to plaintiff. Plaintiff disputes the amount of the award, and has taken this appeal. We affirm.
Plaintiff alleges that she suffered serious physical injury, including nausea, nose bleed, pain and muscle spasms in the left leg coupled with periodic numbness, low back pain, headaches, sleeplessness, and restricted movement of the neck, head and back. Immediately after the accident, she went to the emergency room at Lafayette General Hospital and was treated by Dr. Zerben Bienvenu. Following that treatment she was seen by Dr. Denbo Montgomery and Dr. J. Boring Montgomery, and was administered physical therapy. None of these doctors testified at trial.
Finally, having been unsuccessful in obtaining any relief, plaintiff consulted Dr. L. Lazaro in Opelousas. Doctor Lazaro, an orthopedic specialist, testified at trial that he was unable to find any objective reason for plaintiff’s complaints. He performed a *1303 myelogram on plaintiff, but received normal results, indicating no problems with the spinel He recommended that she see Dr. J. D. Coíte, a psychologist, in Lafayette, Louisiana, hoping that some light would be shed on plaintiff’s unexplained complaints.
Doctor Cole saw plaintiff on three occasions. He administered a battery of tests to plaintiff, and testified that his preliminary diagnosis was borderline psychotic reaction with some underlying paranoia and hysteric symptoms. He felt that she was not a malingerer, and that she felt real pain. He also testified that the cause of her physical and mental pain was the accident, but that her psychological problems or personality trait was an old problem which developed long before plaintiff was involved in the accident which forms the basis of this suit. Also, he stated that Mrs. Veaz-ie did not have a post traumatic neurosis as a result of the accident.
Doctor Cole only saw the plaintiff these few times, and then only for evaluation, and not for treatment. He recommended therapy, indicating that if plaintiff would continue in therapy for as little as twelve weeks, her problems could be cured or at least greatly alleviated. However, for some reason plaintiff did not continue these consultations. Plaintiff was not evaluated by any psychiatrist or neurologist.
The jury rendered a general verdict, and we have no way of knowing the breakdown of the damages it awarded. Plaintiff claims substantial special damages, including claims for medical bills, maid services while she was ill, and lost wages. She also claims $15,000.00 in general damages for pain and suffering.
We cannot say that the jury manifestly erred in this award. The jury must have felt that plaintiff did not satisfactorily prove her case to the extent she claimed. There was no proof of objective physical reasons for her pain, and the only expert testifying to the mental reasons for her suffering stated she did not suffer from post-traumatic neurosis. The latter expert also admitted that there possibly may have been other underlying reasons, other than the accident, which could have caused plaintiffs symptoms to manifest themselves.
Also, the trial judge correctly instructed the jury as to the effect of plaintiff’s failure to call her other physicians as witnesses, which effect is that the jury may infer that their testimony would have been unfavorable to plaintiff. The jury may have made that inference. Furthermore, the jury could very well have been dissatisfied with Doctor Cole’s testimony that the accident caused some of plaintiff’s problems.
A review of the record does not preclude a finding by the jury that plaintiff’s persistent complaints were not satisfactorily substantiated by the medical evidence, and that her psychological problems were not related to the accident to the extent which she alleged.
According to Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), a Court of Appeal can disturb an award made by a trial court only when the record clearly reveals the trier of fact abused its discretion in making its award. Although we feel that the jury award herein is low, nevertheless, we cannot say that the jury abused its “much discretion” in the award made.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs on appeal to be assessed against plaintiff-appellant.

AFFIRMED.