422 So.2d 1261 (1982)
J.E. JUMONVILLE, Sr.
v.
FRANK'S PETROLEUM, INC.
No. 15123.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
C. Jerome D'Aquila, D'Aquila & Parks, New Roads, William S. Strain, Baton Rouge, for plaintiff-appellant.
Francis A. Smith, Jr., Kearney, Smith & Chustz, New Roads, Carey T. Jones, Atty., Watson, Blanche, Wilson & Posner, Baton Rouge, for defendant-appellee.
John B. Noland, Brezeale, Sachse & Wilson, Baton Rouge, for third-party defendants-appellees.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an action brought by J.E. Jumonville against Frank's Petroleum, Inc., to recover for mental anguish to Jumonville arising from physical injury to his twelve year old son in a motor vehicle accident, and also to recover medical expenses connected with treating the son, and property damage to a 4-wheel drive truck owned by Jumonville. Frank's Petroleum third partied Louisiana Rig & Supply, Inc., owner of the vehicle which collided with Jumonville's truck. The case was tried before a jury, which rendered a verdict for defendant.
*1262 Jumonville had entered into a mineral lease of certain land that he owned, with Frank's Petroleum being mineral lessee, the lease containing the following paragraph:
"8. LESSEE shall be responsible for all damages of LESSOR, OR LESSOR'S tenants, caused by LESSEE'S permitted operations."
It is this paragraph that Jumonville contends constitutes the basis of Frank's Petroleum's liability. The accident occurred between a 4-wheel drive truck owned by Jumonville in which Jumonville's 12 year old son was a passenger and a motor vehicle owned by Louisiana Rig & Supply, Inc. Joseph Johnson, Jr., an employee of Jumonville, was driver of the vehicle owned by Jumonville and George P. Roussel, III was driver of the vehicle owned by Louisiana Rig & Supply, by which corporation he was employed. Louisiana Rig & Supply was providing oil field service to Frank's Petroleum at the time the accident occurred. In the accident, the only personal injury sustained was a two inch cut on the forehead of Jumonville's 12 year old son.
The versions of the accident as testified to by the two drivers differ diametrically as to how the accident arose, although the drivers agree that the accident occurred on a private road which ran across Jumonville's land. Roussel testified that the vehicle driven by Johnson was on Roussel's side of the road, the left side of the road, and that Roussel cut to the left to avoid the vehicle driven by Johnson. According to Roussel, Johnson at the same time cut to Johnson's right, and the two vehicles struck head-on. According to Johnson, the vehicle driven by Roussel was on the left side of the road, Johnson's lane of travel, and Johnson was unable to avoid an accident. The testimony establishes that there were deep ditches on either side of the road, and attempting to cut sharply off the road to avoid the accident was out of the question for either driver.
The jury obviously believed Roussel's version of the accident.
The brief filed on behalf of Jumonville contends that the jury was incorrectly charged, as Jumonville sought recovery under the quoted Paragraph 8. of the lease contract, while the trial court charged the jury both on contract law and negligence. It is true that the charge was rambling and imprecisely stated. However, our review of the testimony convinces us that Frank's Petroleum should not be held liable.
As we have explained, the testimony of the two drivers was diametrically opposed. As Jumonville's twelve year old son was not called to testify, it must be assumed that his testimony would not have been favorable to Jumonville's recovery. Veazie v. Consolidated Companies, 350 So.2d 1302 (La.App. 3d Cir.1977). An equally unfavorable inference arises from Jumonville's failure to call the physician who treated his son's two-inch cut. Furthermore, the major item for which Jumonville seeks recovery is Jumonville's alleged mental anguish resulting from the cut on his twelve year old son's forehead. A person may not recover for mental anguish which he suffered as a result of the physical injury of another person. Steele v. St. Paul Fire & Marine Ins. Co., 371 So.2d 843 (La. App. 3d Cir.1979), writ denied 374 So.2d 658 (La.1979).
As the evidence establishes that Johnson, Jumonville's employee, was at fault, his failure to drive his vehicle in a safe manner caused the accident, not the mineral lessee's operations. Thus, there can be no recovery under paragraph 8. of the mineral lease, which permits recovery of damages "caused" by lessee's operations. Further, as the preponderance of the evidence indicates that Roussel was not negligent, and that Johnson was negligent, there can be no recovery on a theory of negligence under LSA-C.C. art. 2315.
The judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
SHORTESS and EDWARDS, JJ., concur in the result.