433 So.2d 429 (1983)
Alvin COULON, Individually and as Representative of the Estate of Keith Coulon
v.
GAYLORD BROADCASTING, Cosmos Broadcasting Corp., and Loyola University.
No. CA-0504.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
*430 Leonard A. Radlauer, P.C., New Orleans, for plaintiff/appellant.
Stephen B. Lemann, Monroe & Lemann, New Orleans, for defendants/appellees Gaylord Broadcasting Co. and Cosmos Broadcasting Corp.
Before KLEES, LOBRANO and AUGUSTINE, JJ.
LOBRANO, Judge.
In March, 1980, Keith Coulon, son of Alvin Coulon, was shot to death by Michael Duckworth. Immediately following the murder, the defendants herein, owners of the three major television stations in New Orleans, referred to the murder as a revenge killing. They stated that Michael Duckworth avenged the killing of his brother two years before. Appellant alleges this statement was not true as to Keith Coulon. They contend he was not in anyway involved in the death of Michael Duckworth's brother.
The instant action was filed against Gaylord Broadcasting, Cosmos Broadcasting Corporation and Loyola University alleging that as a result of this untrue and malicious statement the family of Alvin Coulon was subjected to general abuse, ridicule, a refusal to take up collections for flowers for Keith Coulon's funeral and other types of damages. Subsequently, the defendants jointly moved via a peremptory exception of no cause of action to dismiss plaintiff-appellants petition. On September 30, 1980, the District Court maintained the exception of no cause of action and directed plaintiff-appellant to amend his petition within 15 days to state a cause of action or his suit would be dismissed. Plaintiff-appellant appealed. This Court dismissed plaintiff-appellant's appeal because the action of the district court was not a final judgment but an interlocutory decree ordering plaintiff to amend. Coulon v. Gaylord Broadcasting, 408 So.2d 16 (La.App. 4th Cir.1981).
Plaintiff failed to amend and the final judgment dismissing plaintiff's suit as not stating a cause of action was rendered August 9, 1982. This appeal followed.
First, it is necessary to correct the form of the preemptory exception from that of no cause of action to that of no right of action. A cause of action is to be distinguished from a right of action. A right of action is the right or the standing to enforce a cause of action, that is, a remedial right. A cause of action, on the other hand, is the operative fact or facts which give rise to a right of action. A cause of action is a matter of substance concerned with the violation of a right, not a matter of remedy. In the instant suit, a cause of action does exist, i.e. defamation. However, the right of action by plaintiff-appellant to sue for the defamation of their deceased son is the issue which should properly have been raised by a preemptory exception of no right of action. However, under the law and jurisprudence and in the interest of judicial economy, this Court has the authority to review the record before it and render any judgment which is just, legal and proper. C.C.P. Art. 2164; Gregory, et al. v. Hardwick, 218 La. 346, 49 So.2d 423 (La.1950). In addition, C.C.P. Art. 927 provides that this Court may notice the preemptory exception of no right of action.
Although this Court sympathizes with the plight of plaintiff and fully understands the emotional distress suffered in the instant matter, nonetheless we must affirm the lower court judgment for the following reasons:
Louisiana has no civil statute specifically governing defamation actions. Such a suit *431 arises under the general tort article 2315 of our civil code. We agree with plaintiff-appellant that we are not bound by the technical rules of the common law of defamation, but, where our law is virtually silent, we may resort to other jurisdictions for a rule consonant to reason and equity.
It is basic that the tort action of defamation is personal to the party defamed. W. Prosser, The Law of Torts, Sec. 111 (4th ed. 1971). Relatives, no matter how devoted they may be, have no right to recover for the defamation of another, anymore than they would have the right to recover for the assault of another or the battery of another. This rule was upheld long ago by our Supreme Court in the case of Pattison v. Gulf Bag Co., 116 La. 963, 41 So. 224 (1906) when the Court dismissed the plaintiff-father's action for the defamation of his daughter by simply stating, "(t)he plaintiff individually has no standing in court," 41 So. at 224.
More recently, our law on this point was discussed by the U.S. Fifth Circuit in McBeth v. United Press International, Inc., 505 F.2d 959 (5th Cir.1974), cert. denied, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975). We agree and adopt their analysis. In McBeth, an action was brought by the decedent's parents on behalf of the decedent's minor son to recover for the alleged defamation of decedent in a newspaper article which falsely described decedent as being pregnant at the time she leaped to her death to avoid a fire. At the time decedent was neither married nor pregnant. Denying the child a right to sue, the Court stated:
"The tort action of defamation is personal to the party defamed. See W. Prosser, The Law of Torts Sec. 111 (4th ed. 1971). The general rule precludes a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. See W. Prosser, The Law of Torts Sec. 111 (4th ed. 1971); 50 Am.Jur.2d, Libel and Slander Sec. 311; Annot., 132 A.L.R. 891 (1941). The statement at issue here contains no direct reference to (the decedent's son). While we have found no Louisiana cases directly covering the point, we feel that Louisiana courts would follow the general rule." 505 F.2d at 960.
The treatises are also in complete accord on the subject.
"Any living person may be defamed. The civil action is personal to the plaintiff, and cannot be founded on the defamation of another.... W. Prosser, Handbook of the Law of Torts Sec. 92, at 578 (2d ed. 1955) (footnote omitted).

* * * * * *
"Defamatory words, in order to be actionable, must refer to some ascertained or ascertainable person and that person must be the plaintiff. In general the defamation of a relative, or a deceased relative, is not actionable." 53 C.J.S. Libel and Slander Sec. 11 (1948).

* * * * * *
"As a general rule no action lies by a third person for damages suffered by reason of defamation of another person. The action must be brought by the person against whom the defamatory charge has been made; a third person cannot sue either along or jointly with the interested party." 53 C.J.S. Libel and Slander Sec. 145 (1945) (footnote omitted).

* * * * * *
"As a general rule, recovery may not be had on account of a libelous or slanderous statement relating to another, including a relative, even though the plaintiff suffers some injury therefrom, if the defendant had no intention of injuring him and was not aware of his relationship to the person defamed." ... 50 Am.Jur.2d, Libel and Slander Sec. 311 (1970) (footnote omitted).

* * * * * *
"One who publishes defamatory matter concerning a deceased person is not liable either to the estate of the person or to his descendants or relatives." Restatement of Torts 2d Sec. 560.

* * * * * *

*432 "Dead persons. Although the memory of the dead may be desecrated and the desecration may constitute a crime, there can be no defamation of the dead as the word is used throughout this Restatement. The interest of the descendants or other relatives of a deceased person in his good name is not given legal protection by the common law. Therefore, unless a statute so provides, there can be no action for the recovery of damages for words or other communications that reflect unfavorably upon the memory of a deceased person." Restatement of Torts 2d, Explanatory Notes Sec. 560, comment at 158.
Thus, the general rule, as enunciated in Pattison, supra, McBeth, supra, and the various treatises, precludes a person from recovering for a defamatory statement made about another, even if the statement indirectly inflicts some injury upon the party seeking recovery. An affirmative right to sue in cases of defamation of a deceased person must come from the legislature. We cannot supply that right.
For the foregoing reasons, the judgment of the District Court is hereby affirmed dismissing plaintiff-appellant's suit. However, the reasons for judgment are hereby changed from failure to state a cause of action to failure to state a right of action.