**Syble B. SALARD and Willie A. Salard**

v.

**LOWE'S HOME CENTERS, INC.**

Civ. A. No. 95–1059.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Sept. 27, 1995.

---

Eugene A. Ledet, Jr., Rivers Beck & Dalrymple, Alexandria, LA, for plaintiffs.

E. Fredrick Preis, Jr., Monica L. Lacks, McGlinchey Stafford Lang, New Orleans, LA, for defendant.

## RULING

LITTLE, District Judge.

Defendant, Lowes Home Centers, Inc., has moved this court to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons set forth below, this court DENIES defendant's motion with respect to plaintiff Syble B. Salard but GRANTS defendant's motion with respect to plaintiff Willie A. Salard.

### I

Plaintiffs Syble A. Salard and Willie A. Salard initiated this law suit by filing a petition in Louisiana's Ninth Judicial District Court for Rapides Parish, alleging that Mrs. Salard was sexually harassed by fellow employees and the management of Lowe's Home Centers, Inc. during a period extending from April 1994 to September 1994. Mrs. Salard sought relief under La.Rev.Stat. Ann. § 23:1006 (West 1995) and "any and all other remedies pursuant to *state* law." (Emphasis added.) Her husband, Willie A. Salard, also sought relief in the same petition for loss of consortium, services and society resulting from Syble Salard's alleged injuries.

Lowe's, a North Carolina corporation whose principal place of business is also in North Carolina, removed the case to this court pursuant to 28 U.S.C. § 1332. Lowe's then filed this motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) claiming (1) that plaintiff Syble Salard has not satisfied a jurisdictional prerequisite for filing this action in so far as she failed to exhaust administrative remedies provided under state law and (2) that plaintiff Willie Salard cannot, in any event, state a derivative claim for loss of consortium based on his wife's alleged injuries. We will address each claim for dismissal in its turn.

### II

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim when the pleadings "fail[ ] to state a claim upon which relief can be granted." Resolution of a defendant's Rule 12(b)(6) motion requires the court to accept as true the factual allegations of the complaint and any reasonable inferences to be drawn from them. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994). Conclusory allegations or legal conclusions, however, masquerading as factual conclusions will not suffice to prevent a motion to dismiss from being granted. *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993). "To prevail on a motion to dismiss an ordinary claim under Fed.R.Civ.P. 12(b)(6), a defendant must show that 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Fernandez–Montes*, 987 F.2d at 285; *and Leffall v. Dallas Indept Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994).

In the present case, defendant rests its motion to dismiss Syble Salard's complaint on La.Rev.Stat.Ann. §§ 51:2231—2265 (West 1995). These statutes were enacted by the Louisiana Legislature in 1988 in order to update and expand previously existing anti-discrimination rights under Louisiana law—in particular, La.Rev.Stat.Ann. § 23:1006 (West 1995),[1] which was enacted in 1983 and is the named statutory basis of the plaintiff's claim in the instant case. *See* Ann Marie Curran Leblanc, Comment, *Louisiana's Fair Employment Statutes: A Cry for Clarity Amid Expansive Civil Rights Protection,* 37 Loy.L.Rev. 313, 315 (1991). The chief feature of the 1988 statutes was the establishment of the Louisiana Commission on Human Rights. *See* La.Rev.Stat.Ann. § 53:2233 (West 1995). Though it was not actually funded until 1994, the Commission was designed to serve as a "deferral" agency for the federal Equal Employment Opportunity Commission that would be capable of enforcing the anti-discrimination laws embodied in this chapter of statutes. *See* La. Rev.Stat.Ann. § 51:2235 (West 1995) *and* Leblanc, at 328–29.

The crux of defendant's motion to dismiss Syble Salard's complaint is its assertion that section 51:2231 et seq. now requires that a plaintiff who files an employment discrimination claim based on any Louisiana fair employment law must file a complaint with the Commission as a prerequisite to filing a civil action. As an initial matter, this court notes that the 1988 statutes make no reference to section 23:1006 whatsoever. Although the 1988 statutes may, as one commentator has suggested, "impliedly repeal section 23:1006," *see* Leblanc, at 339, the new laws do not expressly repeal any pre-existing fair employment statutes. Thus, it remains unclear whether section 51:2231 *et seq.* now provides an exclusive remedy for employment discrimination under Louisiana law or draws section 23:1006 within its administrative framework. A definitive answer to this question is unnecessary, however, because even were section

51:2231 *et seq.* the exclusive Louisiana remedy for unlawful employment discrimination, this court's careful review of the 1988 statutes indicates that there is no basis for the proposition that a plaintiff bringing an employment discrimination claim under these laws must file a complaint with the Commission as a prerequisite to filing a civil action.

Our first clue is found in section 51:2257(A), the statute which actually provides for the filing of complaints to the Commission. This section states that "an individual claiming to be aggrieved by an unlawful practice ... *may* file with the Commission a written sworn complaint...." (Emphasis added.) The legislature's use of the permissive "may" in this section indicates that a plaintiff merely enjoys the option of filing a complaint with the Commission. The section's later statement that "[t]he complaint shall be filed within one hundred eighty days after the alleged unlawful practice occurs" suggests merely that if employees wish to file a complaint with the Commission, they must do so within the specified time period.

More to the point, section 51:2264, the statute which provides for civil remedies, explicitly provides:

> Any person deeming himself injured by any alleged violation of the provisions of this Chapter shall have a civil cause of action in district court to enjoin further violations and to recover the actual damages sustained by him, together with the costs of court and a reasonable fee for his attorney of record, all of which shall be in addition to any other remedies contained in this chapter.

This section, as both the Fifth Circuit and commentators have recognized, reveals that a plaintiff may forego the administrative remedies available through the Commission and proceed directly to a Louisiana district court and seek relief under the substantive provisions of the 1988 statutes. See *Deloach v. Delchamps, Inc.,* 897 F.2d 815, 825 (5th Cir.1990) (citing section 51:2264 as "al-

---

1. La.Rev.Stat.Ann. § 23:1006(B)(1) (West 1995) provides that:

   It shall be unlawful discrimination in employment for an employer to:

   (1) Intentionally fail or refuse to hire, refer, discharge, or to otherwise intentionally discriminate against or in favor of an individual ... because of race, color, religion, sex, disability ... or national origin.

low[ing] persons who have been injured by an alleged violation to file a civil suit to enjoin further violations and to recover damages actually sustained") and Leblanc, at 349 (noting that section 51:2264 "permits the aggrieved party to file direct suit and forego his administrative remedies" and discussing the strategic risks involved in such a choice).[2] Indeed, at no point in the 1988 statutes is there any mention of a requirement to exhaust administrative remedies.

■ The fact that other states' and the federal government's administrative systems require aggrieved parties to exhaust their state administrative remedies[3] does not mean that we can ignore the clear statutory provisions of Louisiana law which conspicuously omit an administrative exhaustion requirement. Although the general policies underlying the 1988 statutes might be well served by requiring administrative exhaustion for complaints like the one plaintiffs have initiated in the instant case, one court's understanding of legislative policy cannot override the legislature's unmistakable statutory enactments. In short, if the legislature had intended for all civil claims under the 1988 statute to be preceded by the filing of a complaint with the Commission, we believe it would have known how to make such an intention clear.

There being no reference to section 23:1006 in section 51:2231 et seq. and no authority in those later enacted statutes for the proposition that administrative exhaustion is required under Louisiana law, we, therefore, DENY defendant's motion to dismiss Syble Salard's complaint.

### III

■ Turning to defendant's motion to dismiss plaintiff Willie Salard's claim for loss of consortium, services and support, we observe at the outset that neither section 23:1006 nor 51:2321 et seq. provides for recovery for loss of consortium or any other derivative damages sustained by persons other than the direct victim of the alleged discrimination. Indeed, two federal district courts have held that claims arising under section 23:1006, although characterized as a tort for purposes of liberative prescription, cannot be supplemented by a loss of consortium claim. *Thibodeaux v. Schlumberger Ltd.*, No. 88–1704, 1989 WL 20566, * 2 (E.D.La. March 7, 1989); *Reed v. Chemlink, Inc.*, No. 90–3942, 1991 WL 161475, * 6 (E.D.La. Aug. 8, 1991). As a result, Mr. Salard would have to rest his loss of consortium claim primarily on La.Civ.Code art. 2315.[4]

Article 2315, the fountainhead of tort law in Louisiana, was amended in 1982 to expand on earlier jurisprudence that "allowed recovery for consortium damages under [article 2315] only in an action for the wrongful death of a tort victim." *Ferguson v. Burkett*, 454 So.2d 413, 416 (La.App. 3rd Cir.1984); *Carroll v. Newtron, Inc.*, 477 So.2d 719, 722 (La.App. 3rd Cir.), *writ denied*, 478 So.2d 530 (1985). The purpose of the article was to permit consortium damages for non-fatal injuries. *Moore v. Chrysler Corp.*, 596 So.2d 225, 241 (La.App. 2nd Cir.), *writ denied*, 599 So.2d 316 (1992). As one judge put it, the amended article thus "create[d], define[d], and regulate[d] ... a new right of recovery for certain relations of a tort victim who does not die from his injuries." *Ferguson*, 454 So.2d at 416 (emphasis added). The statute did not, however, specify whether this right to recover consortium damages may be extended to relations of tort victims who suffer non-physical harms.

---

**2.** We are cognizant that a portion of the opinion of our respected colleague Judge Clement in *Equal Employment Opportunity Commission v. Dillard Department Stores, Inc.*, No. 92–3552, 1994 WL 396307, * 2 (E.D.La. June 27, 1994) states that a plaintiff bringing an employment discrimination complaint based on section 51:2231 must file a complaint with the Commission before seeking relief in federal court. This court will neither write around Judge Clement's statement nor adopt it.

**3.** *See* Leblanc, at 338, n. 166 (discussing other state's systems) and 343 (discussing 42 U.S.C. § 2000e–5(c) (1988)).

**4.** Specifically, Article 2315 provides that:
Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
*Damages may include loss of consortium, service, and society,* and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person (emphasis added).

As a result of the Code's silence on this matter, Louisiana courts have been cautious in determining what kinds of tortious "act[s] whatever of man" may support an award of consortium damages under Article 2315. In the only example we could discover of a Louisiana court allowing recovery of consortium damages for a non-physical tort,[5] the Louisiana Fourth Circuit Court of Appeals held that there was "no basis to disallow recovery of damages for loss of consortium, provided for in Article 2315, in a defamation case in which the defamed person was alive at the time the defamatory act occurred." *Maurice v. Snell,* 632 So.2d 393, 396 (La.App. 4th Cir.); *but see id.* at 397 (Ward, J. concurring) (defining consortium losses only as "those that result from physical injuries to a spouse"). Although *Maurice* thus provides some support for allowing the recovery of consortium damages in cases involving other non-physical injuries, the analogy to the present case is far from perfect. Defamation, as a cause of action, is rooted in traditional tort principles and grows directly from the soil of Article 2315 in Louisiana. Employment discrimination claims, on the other hand, while no less serious a matter, are of a more recent and specifically statutory vintage. In addition, we note that courts in other jurisdictions generally have not allowed ancillary consortium claims to be brought in connection with civil rights suits.[6]

■ While both Louisiana Civil Code Article 4 and civilian doctrine instruct us to read Civil Code articles analogically or inductively to fill in gaps or "lacunae" in the law, *see* Vernon V. Palmer, *The Many Guises of Equity in a Mixed Jurisdiction: A Functional View of Equity in Louisiana,* 69 Tul.L.Rev. 7, 32–33 & 42 (1994), the statutory gap in the present case is too broad for us to fill with such scant codal and jurisprudential support. With approbation we quote Professor Palmer's eloquent observation:

> Though the judge must *decide* every case, he is not required by his office to create new rights and remedies for every (arguably) unfairly regulated case. In view of the difficulty and delicacy of the judicial task in detecting, verifying, and addressing the deficiency of the law, he may instead resolve the case in accordance with the law as written. *Id.* at 42 (emphasis in original).

We also note that the plaintiffs have not suggested anywhere in their petition or in their memorandum in opposition to this motion how Mrs. Salard could make out *any* claim under Article 2315, let alone one that has been recognized as justifying consortium damages in Louisiana.

Given the absence of a direct statutory or jurisprudential basis for consortium damages in an employment discrimination claim under Louisiana law, or under federal law for that matter, this court GRANTS defendant's motion to dismiss plaintiff Willie A. Salard's claim for loss of consortium, services and support as a result of Syble Salard's alleged injuries under Louisiana's fair employment statutes.

In summary, then, the defendant's motion to dismiss plaintiffs complaint for failure to state a claim is DENIED with respect to Syble B. Salard, but is GRANTED with re-

5. One federal district court sitting in Pennsylvania also recognized that a loss of consortium claim might be brought in conjunction with a state law claim for the intentional infliction of emotional distress. *Verde v. City of Philadelphia,* 862 F.Supp. 1329, 1337 n. 5 (E.D.Pa.1994).

6. Elsewhere courts have consistently held that a person may not recover consortium damages based upon another person's deprivation of civil rights, the only exception being where a relevant state's fair employment statutes actually provided for such damages. *Compare Godby v. Electrolux Corp.,* 65 FEP Cases 211, 212, 1994 WL 470220, at *2 (N.D.Ga.1994) (no consortium damages where primary claim based on Title VII and 29 U.S.C. §§ 621–634), *and Vargus v. Matthew Do-*

*nut, Inc.,* 1994 WL 259802 (D.N.H.1994) (same for Title VII), *with Eide v. Kelsey–Hayes Co.,* 154 Mich.App. 142, 397 N.W.2d 532 (1986) (Michigan civil rights statute recognized loss of consortium claims).

For a particularly instructive discussion of why derivative consortium claims should not be allowed unless there is a clear statutory basis for them, see *Niehus v. Liberio,* 973 F.2d 526, 532–34 (1992) (Posner, J.) (declining to allow consortium claim in § 1983 action). *See also Tauriac v. Polaroid Corp.,* 716 F.Supp. 672, 673 (D.Mass. 1989); *Jenkins v. Carruth,* 583 F.Supp. 613, 616 (E.D.Tenn.1982), *aff'd,* 734 F.2d 14 (6th Cir. 1984).

spect to Willie A. Salard's claim for loss of consortium, support, and society.